UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---

DANIEL JONES,

                            Plaintiff,                  9:19-CV-0025
                                                    (BKS/CFH)
   v.

ANN MARIE SULLIVAN, *et al.*,

                            Defendant(s).

---

APPEARANCES:                                        OF COUNSEL:

DANIEL JONES
C22582
Plaintiff, pro se
Central New York Psychiatric Center
PO Box 300
Marcy, NY 13403

HON. LETITIA JAMES                         RICHARD C. WHITE, ESQ.
Attorney General for the                     Assistant Attorney General
State of New York
Attorney for Defendants
Sullivan, Tope, Grant, McCulloch,
Nowicki, Dill, Moskal, Herrman,
Schuyler, and Tirado
The Capitol
Albany, New York 12224

WILSON ELSER                                       PETER A. LAURICELLA, ESQ.
Attorney for Defendant Fallon               NICOLE E. HAIMSON, ESQ.
200 Great Oaks Blvd., Suite 228
Albany, NY 12203

BRENDA K. SANNES
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Pro se plaintiff Daniel Jones ("Plaintiff") commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1. On June 5, 2019, Plaintiff filed an Amended Complaint, which was accepted as the operative pleading. Dkt. Nos. 9, 10. After review of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court directed a response to the following claims: (1) First Amendment access to the court claims against Sullivan, Tope, Grant, McCulloch, Nowicki, Dill related to *Jones v. Sedita, et al. ("Jones III")* and Plaintiff's Article 78 petition in Erie County, Supreme Court; (2) First Amendment access-to-court claims against Fallon related to Plaintiff's annual examination and review; and (3) First Amendment mail tampering claims against Doe Mail Clerk, Doe Package Clerk, McCulloch, Moskal, and Herrman related to three incidents in January and March 2019. Dkt. No. 10 at 28.

Presently before the Court are motions from Plaintiff seeking injunctive relief.[1] Dkt. Nos. 33 and 35.

## II. DISCUSSION

### A. Legal Standard

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious

---

[1] On December 18, 2019, Defendants filed a motion to dismiss, in lieu of an answer. Dkt. No. 38. The motion is not yet fully briefed.

2

questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).

"'A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.'" *Bisnews AFE (Thailand) Ltd. v. Aspen Research Group Ltd.*, 437 Fed. App'x 57, 58 (2d Cir. 2011) (summary order) (quoting *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)). Generally an alleged violation of a constitutional right creates a presumption of irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996). However, speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until

3

the end of trial to resolve the harm." *Bisnews AFE (Thailand)*, 437 Fed. App'x at 58 (quoting *Faiveley*, 559 F.3d at 118); *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994) ("It is well settled that an allegation of the mere possibility of irreparable harm is insufficient to justify the drastic remedy of preliminary injunction. . . . A party who seeks the extraordinary remedy of a preliminary injunction must show the alleged irreparable harm to be imminent, not remote or speculative, and the alleged injury to constitute one that is incapable of being fully remedied by monetary damages." (citations omitted)). A finding of irreparable harm cannot be based solely on past conduct. *Haden v. Hellinger*, No. 9:14-CV-0318, 2016 WL 589703 at *1 (N.D.N.Y. Feb. 11, 2016).

### B. Plaintiff's Motion

On November 4, 2019, Plaintiff received correspondence from the Law Office of Peter A. Lauricella, Esq, with a notation on the envelope indicating that it was "unsealed upon receipt." Dkt. No. 35-1 at 2. In November 2019, Plaintiff's daughter, D. Waldon ("Waldon"), mailed a package of personal clothing, writing materials, and an over-sized envelope with the words "Legal Mail" written on the envelope. *Id*. The over-sized envelope included a copy of a "complaint" and a copy of Plaintiff's daughter's step son's obituary. *Id*. at 2-3.

On November 12, 2019, the property room staff, two other staff members, and a Secure Treatment Assistant 2 ("T.A.2") delivered Waldon's package and envelope to Plaintiff. Dkt. No. 35-1 at 3. After a conversation, Plaintiff was informed that the package and envelope would be opened outside his presence with the contents delivered later that afternoon. Dkt. No. 35-1 at 2. Plaintiff received the clothing and writing materials, as promised. *Id*.

On November 14, 2019, Plaintiff attended a meeting with C. Saunders, Ms. Bindsall, and C. Seaver, related to the mail and obituary. Dkt. No. 35-1 at 4. Saunders advised that, because Waldon was not affiliated with a legal agency, she could not write "legal mail" on an envelope. *Id*. The obituary was deemed contraband. *Id*. at 5.

On November 15, 2019, Plaintiff received a packet from the Clerk's Office for the United States District Court with information concerning the Pro Se Assistance Program and a toll free telephone number. Dkt. No. 35-1 at 5. On November 18, 2019, Plaintiff submitted a telephone contact form to CNYPC with the telephone number. *Id*. On November 22, 2019 and November 28, 2019, Plaintiff attempted to place a call to the Pro Se Office, and was advised that the number "had not been activated." *Id*. at 6.

On November 27, 2019, Saunders provided Plaintiff with a copy of the obituary, without pictures of "young children." Dkt. No. 35-1 at 7. Plaintiff was advised that the complete copy of the obituary must be sent home and Plaintiff was directed to provide an envelope. *Id*.

According to CNYPC Policy #5.15 - Contraband Searches, contraband is defined as items that are "counter-therapeutic" including pornography, photographs of victims, or photographs of individuals "who match their victim's age[.]" Dkt. No. 35-1 at 8. Plaintiff argues that CNYPC policies do not define "a poster, pamphlet, or newspaper with childrens [sic] contraband. Nor is there a policy at CNYPC that restricts an outside party from writing on the outside of an envelope 'legal mail'[.]" *Id*.

Plaintiff seeks an Order enjoining Defendants from: (1) "hindering Plaintiff from meaningful access to the courts;" (2) obstructing Plaintiff from seeking outside assistance from a legal agency; (3) censoring his mail; and (4) retaliating against him "for prosecuting

his legal claims[.]"² Dkt. No. 35 at 1; Dkt. No. 35-1 at 8-10.  Defendants oppose Plaintiff's motion and contend that Plaintiff seeks relief from individuals who are not parties to the action and that the requests for relief are unrelated to the underlying claims in the Amended Complaint that arise from mail tampering in 2018 and early 2019.³  Dkt. No. 40 at 2-3.  Defendants also contend that Plaintiff has not established that he will suffer irreparable harm in the absence of the requested relief.  *Id.* at 2.

**C.    Analysis**

To the extent that Plaintiff seeks injunctive relief against Saunders, Bindsall, and Seaver, who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here.  *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

With respect to irreparable harm, Plaintiff claims that he is the victim of past "animus" and implies that he will be subjected to future retaliation.  *See* Dkt. No. 35-1 at 8.  When seeking prospective injunctive relief, the plaintiff must show a likelihood of either future harm or continuing harm.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *see also Carver v. City of New York*, 621 F.3d 221, 228 (2d Cir. 2010).

---

² Although styled as a motion for a temporary restraining order, Plaintiff's request is properly construed as a motion for a preliminary injunction.  *See* Dkt. No. 35-1 at 8.

³ Defendant Fallon does not oppose the motion.  Dkt. No. 34.

"Plaintiffs lack standing to pursue injunctive relief where they are unable to establish a 'real or immediate threat' of injury." *Nicosia v. Amazon.com, Inc*, 834 F.3d 220, 239 (2d Cir. 2016) (quoting *City of Los Angeles*, 461 U.S. at 111, 103 S.Ct. 1660). "Although past injuries may provide a basis for standing to seek money damages, they do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." *Id.*

Construing Plaintiff's claims liberally, he alleges that mail from defense counsel, dated November 4, 2019, was unsealed in his absence. Dkt. No. 35-1 at 2. Plaintiff does not allege that he suffered any harm as a result of the alleged incident. Moreover, Plaintiff does not allege that one or more of the Defendants threatened him with future harm. Rather, Plaintiff's belief that he will likely suffer retaliation in the future is based solely upon the fact the past is purely speculative. Allegations of future injury without more do not establish a real threat of injury. *Slacks v. Gray*, No. 9:07-CV-0501(NAM/GJD), 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (citing *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994) ("Even if Plaintiff successfully shows that such beatings actually took place, . . ., this Court may not rest a finding of likelihood of future harm by granting a preliminary injunction based solely on past, illegal conduct.")).

Here, even if the Court were to assume that plaintiff could allege irreparable harm, Plaintiff has failed to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims. "To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912, 2006 WL 618576, at *3

(W.D.N.Y. Mar. 10, 2006) (citations omitted). "[A] preliminary injuction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); *accord Ball v. Famiglio*, 396 Fed. App'x 836, 837 (3d Cir. 2010); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994).

As discussed herein above, the Amended Complaint contains First Amendment claims against Doe Mail Clerk, Doe Package Clerk, McCulloch, Moskal, and Herrman related to interference with Plaintiff's legal mail and legal packages on three occasions in January and March 2019. *See generally,* Am. Compl. The issues related to CNYPC's contraband policy and the obituary forwarded to Plaintiff from his daughter in November 2019 are wholly unrelated to Plaintiff's underlying First Amendment mail claims. Thus, Plaintiff's request for relief is denied. *See Allen v. Brown,* No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint); *see also Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

Similarly, Plaintiff's First Amendment claims against Sullivan, Tope, Grant, McCulloch, Nowicki, and Dill related to his access to the courts and CNYPC's telephone policy survived this Court's review, only to the extent that the claims were based upon Plaintiff's litigation in

8

the United States Supreme Court (*Jones III*) and Erie County (Article 78 petition). Here, Plaintiff alleges that his right to access the court is being hindered because the contact number for the Pro Se Assistance Program has not been activated and he is unable to seek assistance "in litigating his civil complaint." Dkt. No. 35-1 at 6, 9; Dkt. No. 35-2 at 5. Plaintiff alleges that he is being denied "meaningful access to the courts," however, the submission lacks facts related to how the failure to activate the Pro Se Assistance Program telephone number impacts his Supreme Court case of his Erie County action. Without facts establishing a relationship between the injury claimed in the motion and the conduct giving rise to the Amended Complaint, this portion of Plaintiff's motion is also denied.

The Court has reviewed Plaintiff's motion thoroughly and with due regard for his status as a pro se litigant. While the Court does not condone misconduct of any kind, the Court concludes that he has not made a showing sufficient to warrant the issuance of preliminary injunctive relief.[4]

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motions seeking preliminary injunctive relief (Dkt. Nos. 33 and 35) are **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: February 10, 2020

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge

---

[4] Plaintiff is of course free to pursue claims against the individuals responsible for the alleged wrongdoing through CNYPC administrative procedures and, if necessary, by means of a properly filed action.