**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DANIEL JONES,

                                      Plaintiff,                         9:19-cv-0025 (BKS/CFH)

v.

ANN MARIE T. SULLIVAN, et al.,

                                        Defendants.

---

**Appearances:**

*Plaintiff, pro se:*
Daniel Jones
C22582
CNY PC
PO Box 300
Marcy, NY 13403

*For Defendants Ann Marie T. Sullivan, Danielle Tope, Jill Grant, Deborah McCulloch,*
*Jeff Nowicki, Danielle Dill, Alyssa Moskal, Danielle Herrman, Robert Schuyler and*
*Felipe Tirado:*
Letitia James
Attorney General of the State of New York
Nicholas L. Zapp
Assistant Attorney General, of Counsel
The Capitol
Albany, NY 12224

*For Defendant Fallon:*
Peter A. Lauricella
Nicole E. Haimson
Wilson Elser Moskowitz Edelman & Dicker, LLP
200 Great Oaks Boulevard
Suite 228
Albany, NY 12203

Hon. Brenda K. Sannes, United States District Judge:

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff pro se Daniel Jones, who is presently confined at the Central New York Psychiatric Center (CNYPC) under Article 10 of the New York Mental Hygiene Law, brought this action under 42 U.S.C. § 1983 against Defendants for alleged violations of his constitutional rights arising out of his confinement.  (Dkt. No. 9).  Defendant Sara Fallon filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on December 18, 2019, and the remaining defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on December 19, 2019. (Dkt. Nos. 36, 38).  Plaintiff has not responded to either motion, despite being warned of the consequences of failing to respond.  (Dkt. Nos. 37, 39).  This matter was referred to United States Magistrate Judge Christian F. Hummel who, on June 5, 2020, issued a Report-Recommendation recommending that both motions to dismiss be granted and that Plaintiff's Amended Complaint be dismissed with prejudice.  (Dkt. No. 48).

Plaintiff has filed objections to the Report-Recommendation, (Dkt. No. 56), and Defendant Fallon responded to his objections, (Dkt. No. 57).  For the reasons set forth below, the Report-Recommendation is adopted, and the Amended Complaint is dismissed.

## II.    STANDARD OF REVIEW

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion."  *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted).

Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted).[1]  Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

## III.   DISCUSSION

### A.   Procedural History and Claims Remaining

Plaintiff has been in custody at the CNYPC since December 2017, following a determination that he is a dangerous sex offender requiring civil commitment under Article 10 of the New York Mental Hygiene Law. *See*, *e.g.*, *Dorsey v. Hogan*, 511 F. App'x 96, 98 (2d Cir. 2013) (describing the process for civil commitment under Article 10).

Plaintiff filed this action on January 7, 2019.  (Dkt. No. 1).  In reviewing the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and construing it liberally, the Court found that he had raised seven claims including: (1) a claim that Defendant Sarah M. Fallon, the Director of Mental Health Legal Services (MHLS), failed to provide adequate assistance in connection with the commitment proceedings; and (2) First Amendment claims related to the denial of access to the courts.  (Dkt. No. 4, at 16).  The Court, inter alia, dismissed without prejudice Plaintiff's claims against Defendant Fallon and Plaintiff's First Amendment access-to-court claims.  (*Id.* at 39).  The Court noted that Defendant Fallon was "not referenced anywhere in the body of the Complaint" and, after detailing the law regarding the constitutional right of access to courts,

---

[1] The Court has attached a copy of the unpublished decisions cited in this Decision.

found that Plaintiff had failed to plausibly allege such a claim.  (*Id.* at 19-26).  The Court granted

Plaintiff permission to file an amended complaint.  (*Id.* at 39).

Plaintiff filed an Amended Complaint on June 5, 2019.  (Dkt. No. 9).  Following the

Court's review of the Amended Complaint, the Court dismissed certain claims under 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A(b), but directed that the following claims survived its initial review:

(1) First Amendment access-to-court claims against Sullivan, Tope, Grant, McCulloch, Nowicki

and Dill related to *Jones III* and Plaintiff's Article 78 petition;[2] (2) First Amendment access-to-

court claim against Fallon related to Plaintiff's annual examination and review; and (3) First

Amendment mail tampering claims against Doe Mail Clerk, Doe Package Clerk,[3] McCulloch,

Moskal and Herrman.  (*Id.* at 28).  In so ruling the Court noted that it expressed "no opinion as to

whether these claims can withstand a properly filed motion to dismiss."  (*Id.* at 17, 20).

In the claims remaining before the Court, Plaintiff alleges: (1) that Defendant Fallon, as

the Director of MHLS, failed to provide him with legal representation after MHLS lawyers had a

conflict of interest and could not represent him; (2) that the unreasonable and inadequate law

library, photocopy policy and telephone policy at CNYPC hindered his efforts to pursue a writ of

certiorari in the Supreme Court in *Jones III* and an Article 78 petition in New York State Court,

Supreme Court, Erie County; and (3) that Defendants Schuyler and Tirado tampered with his

mail, and Defendants McCulloch, Moskal and Hermann failed to remedy the situation after

becoming aware of it.

---

[2] In *Jones III*, Plaintiff sought an extension of time to file an untimely petition for a writ of certiorari in the Supreme Court, following the dismissal of a civil rights action under 42 U.S.C. 1983 in the Western District of New York, and the Second Circuit's dismissal of an appeal from that decision.  (Dkt. No. 10, at 14-15).  In the Article 78 proceeding, Plaintiff alleges that he sought to compel a state court judge to make a written decision on Plaintiff's "motion seeking relief pursuant to CPLR §§ 4404(b) and 5015" relating to Plaintiff's Article 10 proceeding.  (Dkt. No. 9, at 22).

[3] The Doe Mail Clerk was subsequently identified as "Robert Schuyler" and the Doe Package Room Clerk as "F. Tirado."  (Dkt. Nos. 18, 48, at 2 n.2)

### B.   Plaintiff's Requests for Preliminary Injunctive Relief

Plaintiff has filed several requests for preliminary injunctive relief.  (Dkt. Nos. 33, 35, 53).  In December 2019, Plaintiff filed a motion asking the Court to enjoin Defendants from (1): "hindering Plaintiff from meaningful access to the courts;" (2) obstructing Plaintiff from seeking outside assistance from a legal agency; (3) censoring his mail; and (4) retaliating against him "for prosecuting his legal claims."  (Dkt. No. 35).  The Court denied this motion.  (Dkt. No. 43). The Court found that Plaintiff had failed to make a showing sufficient to warrant the issuance of preliminary injunctive relief, noting that injunctive relief was not available as to individuals who were not defendants in this action or for relief unrelated to the underlying claims in the Amended Complaint.  (Dkt. No. 43, at 6-9).  The Court advised Plaintiff that he was "free to pursue claims against the individuals responsible for the alleged wrongdoing through CNYPC administrative procedures and, if necessary, by means of a properly filed action."  (*Id.* at 9 n.4).

On August 10, 2020, Plaintiff filed another motion for temporary restraining order and preliminary injunction.  (Dkt. No. 53).  Plaintiff sought an order enjoining the Defendants from, inter alia, "interfering with his incoming legal mail [and] right to legal representation pursuant to MHL 47.01 and 47.03."  (*Id.* at 1).  Plaintiff asked the Court to enjoin the Defendants from "subjecting him to Article 10 civil confinement," and sought an order directing Defendant Fallon to "desist in . . . continuing to violate his right to legal counsel as mandated pursuant to MHL §§ 47.01 and 47.03."  (*Id.* at 8-9, 10).

The Court denied Plaintiff's motion for a temporary restraining order on August 11, 2020, and stated that it would rule on Plaintiff's motion for a preliminary injunction when it rules on the pending motions to dismiss.  (Text Order dated Aug. 11, 2020).  Plaintiff has filed a motion for reconsideration of that decision.  (Dkt. No. 58).

C.      **Report-Recommendation**[4]

As detailed below, Magistrate Judge Hummel concluded that the Amended Complaint should be dismissed with prejudice for failing to state a claim against the remaining Defendants.

Magistrate Judge Hummel recommended that Plaintiff's claim against Defendant Fallon, for failing to provide him with legal representation after MHLS lawyers had a conflict of interest, be granted for lack of personal involvement.  (Dkt. No. 48, at 17).  Magistrate Judge Hummel noted that Plaintiff "does not allege that he personally spoke or communicated with Fallon in any manner"; there are no facts alleged that Fallon was informed of, and failed to remedy, the lack of counsel for residents for whom MHLS attorneys had a conflict of interest; there are no facts "regarding other instances where MHLS failed to provide a resident with representation due to a conflict of interest"; and the conclusory allegation that Fallon created a policy of not providing counsel when there is a conflict of interest was insufficient to withstand a motion to dismiss. (Dkt. No. 48, at 13-17).

With respect to Plaintiff's First Amendment access to the courts claim concerning *Jones III* and the Article 78 proceeding, Magistrate Judge Hummel determined that the Amended Complaint failed to plausibly allege: (1) that Defendants acted deliberately or maliciously or (2) actual injury because the Amended Complaint was bereft of facts indicating that that the legal claims Plaintiff sought to pursue were nonfrivolous.  (*Id.* at 20-23).  Specifically, Magistrate Judge Hummel found that the Second Circuit decision that Plaintiff sought to appeal in the Supreme Court, in *Jones III,* belied any assertion that he had been hindered him from appealing a nonfrivolous claim because the Second Circuit ruled that Plaintiff's appeal "lack[ed] an arguable

---

[4] This decision assumes familiarity with the facts set forth in the Report-Recommendation, as well as this Court's initial screening of the Amended Complaint.  (Dkt. No. 48, at 3-7; Dkt. No. 10, at 4-12).

basis in either law or in fact." (*Id.* at 21).  Magistrate Judge Hummel concluded that Plaintiff's

reliance on his Article 78 proceeding "suffers from the same infirmities" because he failed to

plausibly allege that his claim was meritorious and the denial of a "poor person application,"

without more, was insufficient to demonstrate actual injury.  (*Id.* at 24).

Finally, Magistrate Judge Hummel concluded that the mail tampering claims should be

dismissed: (1) as to Schuler (the mail clerk) and Tirado (the package clerk) because, inter alia,

neither Defendant was mentioned in the body of the Amended Complaint and there were no facts

suggesting their personal involvement; and (2) as to the supervisory claims against McCulloch,

Moskal and Hermann, because Plaintiff failed to establish any underlying constitutional

violation.  (Dkt. No. 48, at 26-28).

### D.    Discussion

#### 1.    Defendant Fallon

Plaintiff objects to Magistrate Judge Hummel's conclusion that Defendant Fallon's

motion to dismiss should be granted for lack of personal involvement.  (Dkt. No. 56, at 3).

Plaintiff argues that Fallon did not raise this issue in her motion to dismiss, and that this

determination disregards the decision that the claim survived initial review.  (*Id.* at 3-4).[5]

Plaintiff asserts that the Amended Complaint states sufficient facts to state a plausible claim

against Fallon.  (*Id.*).

Having reviewed this issue de novo, the Court agrees with Magistrate Judge Hummel.

First, Fallon did raise the personal involvement issue in her motion to dismiss.  She argued that

the Amended Complaint failed to state a cause of action against her because she was not a state

---

[5] Plaintiff notes that Defendant Fallon's motion to dismiss "did not address her administrative role."  (Dkt. No. 56 at 3).  That, however, provides no basis for an objection to the Report-Recommendation.  Magistrate Judge Hummel cited to the absence of this argument in concluding that Fallon's motion to dismiss should be denied "insofar as she contends she is a MHLS attorney and thus, did not act under color of state law."  (Dkt. No. 48, at 12).

actor and that Plaintiff failed to allege her personal involvement in any alleged conspiracy with any state actor. (*See generally* Dkt. No. 36-1). She argued that Plaintiff failed to allege that she "was aware of Plaintiff's civil commitment or request for representation from MHLS," and that there is no allegation that she "was involved in MHLS' determination that representing Plaintiff created a conflict of interest." (*Id.* at 9). She correctly argued that "[t]he personal involvement of a defendant in an alleged constitutional deprivation is a prerequisite to liability for damages under § 1983," citing to applicable law. (*Id.* at 6) (citing, inter alia, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Warheit v. City of New York*, 271 F. App'x 123, 126 (2d Cir. 2008)).

Second, the Court concurs with Magistrate Judge Hummel's determination regarding the Plaintiff's failure to allege personal involvement.[6] In the Amended Complaint Plaintiff alleges that Fallon "was aware of the mandates" of the mental hygiene law entitling Plaintiff to legal services and "failed to afford plaintiff with these rights." (Dkt. No. 9, at 5). Plaintiff, however, does not allege that Fallon had any personal involvement in any decision concerning his representation. As Magistrate Judge Hummel noted, there are no allegations that Plaintiff "ever personally spoke with or communicated with Fallon, in any manner." (Dkt. No. 48, at 15).

Plaintiff alleges that he was initially assigned MHLS to represent him during the Article 10 proceedings for civil management. (Dkt. No. 9, at 5).[7] On April 12, 2012, "MHLS citing conflict of interest"; was relieved by the court; and Plaintiff was appointed an attorney under County Law, Article 18-B for the proceedings. (*Id.*).

---

[6] Magistrate Judge Hummel did not, as Plaintiff asserts, apply a "heightened pleading standard." (Dkt. No. 56, at 4). The Report-Recommendation cited to and applied the applicable legal standard. (*See* Dkt. No. 48, at 8).

[7] Plaintiff states that "the facts should reflect that [he] was represented by MHLS" for the Article 10 proceeding under Mental Hygiene Law § 10.06(c), not §§ 47.01 and 47.03. (Dkt. No. 56, at 2). The Court recognizes that § 10.06(c) is the relevant provision for appointment of counsel for the Article 10 proceeding, and that §§ 47.01 and 47.03 detail the services MHLS is required to provide to patients. *See ex rel. McReynolds v. Comm'r of Mental Retardation & Dev. Disabilities*, 238 A.D.2d 453 (2d Dep't 1997).

When Plaintiff arrived at CNYPC, in December 2017, after he had been found to be a dangerous sex offender requiring civil confinement, counsel for MHLS, Michael H. McCormick, informed Plaintiff that MHLS would be unable to provide representation because there was a conflict of interest. (*Id*. at 9).[8]  Plaintiff alleges that he wrote to MHLS attorney McCormick in June 2018 about filing a petition under 10.09(f) "seeking discharge and/or release"; that McCormick indicated that he would have to speak to his supervisor, who Plaintiff believes is Elizabeth Fortino; and that after McCormick consulted with his supervisor, McCormick filed a motion for assignment of counsel for Plaintiff's upcoming annual hearing scheduled for November 21, 2018. (*Id*. at 6-7).

Plaintiff alleges that Fallon "was aware" that residents at CNYPC such as Plaintiff "were not being provided legal representation in accordance" with Mental Hygiene Law §§ 47.01 and 47.03. (*Id*. at 19).  There are, however, no facts alleged to support this conclusory allegation. Plaintiff basis this belief based on "personal conversations with other residents housed at CNYPC," who stated that they do not have legal representation because of a conflict with MHLS. (*Id*.).  But there are no allegations of complaints by other residents, or facts from which it could be inferred that Fallon knew of the issue. Plaintiff alleges that Fallon and her subordinates created a policy and procedure limiting motions for reassignment to article 10 proceedings under Mental Hygiene Law § 10.08. (*Id*.).  However, as Magistrate Judge Hummel found, this allegation is too conclusory to plausibly state a claim. (Dkt. No. 48, at 16).  *See Gantt v. Ferrara*, No. 15-cv-7661, 2018 WL 4636991, at *7, 2018 U.S. Dist. LEXIS 166689, at *14 (S.D.N.Y. Sept. 27, 2018).[9]

---

[8] The record does not reflect what the conflict was; Plaintiff characterizes it as "an alleged conflict of interest which prevented their representation based on N.Y.S. Rules of Professional Conduct." (*Id*. at 17).

[9] Plaintiff states that he has attached "Exhibit I" "which shows that it is the policy of MHLS that when a 'conflict of interest' exist [sic] they are not permitted to provide legal representation to residents at CNYPC." (Dkt. No. 56, at 5).

Finally, the fact that this Court permitted the claim against Defendant Fallon to proceed, following review under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), does not prevent the Court from granting her motion to dismiss under Fed. R. Civ. P. 12(b)(6) at this stage of the proceedings.  A court's initial screening under § 1915(e) and/or § 1915A does not preclude a later dismissal under Fed. R. Civ. P. 12(b)(6).  *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 434-35 (N.D.N.Y. 2009).  In its screening decision, the Court specifically noted that it expressed "no opinion as to whether these claims can withstand a properly filed motion to dismiss."  (Dkt. No. 10, at 17).  Having now reviewed Fallon's motion to dismiss and Magistrate Judge Hummel's thorough analysis, the Court concludes that the claim does not survive because Plaintiff has failed to plausibly allege that Fallon was personally involved in any constitutional violation.

## 2.    First Amendment Access- to-Courts Claims

"[C]ivilly committed patients at the [CNYPC], like convicted inmates, enjoy a First Amendment right of meaningful access to the courts." *McChesney v. Hogan*, No. 9:08-cv-0163, 2010 WL 3602660, at *12, 2010 U.S. Dist. LEXIS 92948, * 37 (N.D.N.Y. Aug. 17, 2010) (citing *Lane v. Carpinello*, No. 9:07-cv-0751, 2009 WL 3074344, at *24 n.26, 2009 U.S. Dist. LEXIS 88345, at *84 n. 26 (N.D.N.Y. Aug. 31, 2009) (stating that the right of access to the courts stems from the First Amendment and the analysis is the same whether concerning a prison inmate or the involuntarily committed), *report & recommendation adopted*, 2009 WL 3074344, 2009 U.S. Dist. LEXIS 88341 (N.D.N.Y. Sept. 24, 2009)), *report & recommendation adopted*, 2010 WL 3584360, 2010 U.S. Dist. LEXIS 92738 (N.D.N.Y. Sept. 7, 2010); *Mallgren v. American*

---

There was no such exhibit attached to the objections or to the Amended Complaint.  In any event, even if it were attached and the Court could consider this extrinsic evidence, a policy precluding MHLS from representing residents when there is a conflict of interest does not further Plaintiff's claim that Fallon knew of the conflict here and failed to provide for other counsel for Plaintiff or that she adopted a policy limiting motions for reassignment to Article 10 proceedings.

*Psychiatric Ass'n*, Nos. 13-cv-2211, 13-cv-2214, and 13-cv-2215, 2014 WL 978457, at \*7-8, 2014 U.S. Dist. LEXIS 32227, at \*22 (E.D.N.Y. Mar. 11, 2014) ("Prisoners, detainees, and individuals subject to civil commitment have a First Amendment right of access to the courts and a number of derivative rights, including the right to access legal materials and legal research and to send and receive legal mail." (citing *Dorsey*, 511 F. App'x at 101).

To establish a constitutional violation based on denial of access to the courts, a plaintiff must show that the defendant's conduct was deliberate and malicious and that the defendant's actions resulted in an actual injury to the plaintiff. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). The actual injury element requires a showing that the defendant's conduct frustrated the plaintiff's efforts to pursue a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *Dorsey*, 511 F. App'x at 101. "To satisfy the requirement that the underlying claim not be frivolous, a plaintiff must describe the claim well enough for the court to determine whether the claim had an arguable basis in either law or fact." *Zeigler v. New York*, 948 F. Supp. 2d 271, 294 (N.D.N.Y. 2013) (quoting *Rosario v. Fischer*, No. 11-cv-4617, 2012 WL 4044901, at \*7, 2012 U.S. Dist. LEXIS 133502, at \*19 (S.D.N.Y. Aug. 28, 2012), *report-recommendation adopted* 2012 WL 6681695, 2012 U.S. Dist. LEXIS 182325 (S.D.N.Y. Dec. 20, 2012)).

Plaintiff objects to Magistrate Judge Hummel's determination that the Amended Complaint fails to plausibly allege actual injury with respect to either his attempt to appeal to the Supreme Court in *Jones III* or with respect to his Article 78 petition. Having considered this issue de novo, the Court agrees with the Report-Recommendation. Plaintiff has failed to plausibly allege that any inadequacies in the law library, photocopy policy or telephone policy frustrated his efforts to pursue a nonfrivolous claim. In *Jones III*, the time to file a writ of certiorari in the Supreme Court had expired before Plaintiff was confined at CNYPC. (Dkt,. No.

9, ¶ 103).  In December 2017, while Plaintiff was at CNYPC, the Supreme Court "returned [his] documents as they were untimely."  (*Id.* ¶ 103).  Although Plaintiff was able to speak to a clerk in the Supreme Court to get "instruction on how to proceed," Plaintiff alleges that the "useless" law library at CNYPC delayed his filing of another petition for a writ of certiorari, "with the proper motion" --  a motion seeking permission to file an untimely petition.  (*Id.* ¶¶ 105, 106). That motion was denied, and there is no suggestion that any delay in filing the motion led to the denial.  (*Id.* ¶ 105).  In any event, given the Second Circuit's ruling in *Jones II*, dismissing Plaintiff's appeal as lacking an arguable basis in either law or fact, the Amended Complaint fails to plausibly allege that Plaintiff had a non-frivolous claim to appeal to the Supreme Court in *Jones III*.

With respect to Plaintiff's Article 78 litigation, Plaintiff alleges that the Defendants' photocopy policy, requiring indigent residents to pay for their own photocopies, led to his submission of an outdated "poor person application," and the denial of that application.  (Dkt. No. 9, ¶ 99).  The Court concurs in Magistrate Judge Hummel's determination that the Amended Complaint is "bereft of any facts establishing that the claim underlying his Article 78 proceeding was meritorious"; there is no allegation regarding the impact of this denial on any such claim; and the denial of a "poor person application," without more does not demonstrate actual harm. (Dkt. No. 48, at 23-24).  The Court notes that the Defendants' motion to dismiss clearly challenged the sufficiency of the Amended Complaint's allegations regarding actual injury. (*See, e.g.*, Dkt. No. 38-1, at 16-17 (arguing, inter alia "Plaintiff does not allege that [the Article 78 petition] was denied or how the denial of his "poor person application" prejudiced him)).  To

this date, in his objections, Plaintiff has failed to provide any basis for a finding of actual injury. (Dkt. No. 56).[10]

### 3. Mail Tampering Claims

Plaintiff objects to the recommendation that his mail tampering claim be dismissed. (Dkt. No. 56, at 10-15). Having reviewed Plaintiff's objections de novo, the Court agrees that the mail tampering claims must be dismissed for the reasons stated in the Report-Recommendation. Plaintiff has alleged three instances of mail interference. He alleges that: (1) a letter dated January 29, 2019, addressed to Plaintiff from Plaintiff's attorney, was returned to the attorney stamped "refused unable to forward"; (2) a legal mail package delivered by "the package room staff" on February 19, 2019, contained nothing inside; and (3) a legal mail package that Plaintiff received on March 25, 2019, had been opened after purportedly having "been delivered to another resident by mistake." (Dkt. No. 56, at 11; *see* Dkt. No. 9, ¶¶ 57-62, 68). Plaintiff does not identify any defendant as having intentionally interfered with his mail or even named any defendant in these allegations. (Dkt. No. 9, ¶¶ 57-62, 68). In his preliminary identification of the Defendants, Plaintiff alleges that the John Doe mailroom clerk (now identified as Schuler) "is responsible for the overall operation of receiving and sending mail out of the facility," and that the John Doe Package Room Officer "is responsible for incoming and outgoing packages at the facility." (Dkt. No. 9, ¶¶ 14, 15). Neither defendant, however, is named in any tampering allegations. (Dkt. No. 9, ¶¶ 57-62, 68). As Magistrate Judge Hummel noted, the claims against Schuler and Tirado must be dismissed because neither are mentioned in the body of the Amended Complaint and there are no facts alleged plausibly suggesting their

---

[10] Because the Court finds that the Amended Complaint fails to state an access-to-courts claim based on the failure to plausibly allege actual injury, the Court has not considered Plaintiff's objection to Magistrate Judge Hummel's conclusion that the Amended Complaint fails to plausibly allege that the Defendants acted deliberately or maliciously.

personal involvement.  (Dkt. No. 48, at 26).  And the supervisory claims against McCulloch, Moskal and Hermann must be dismissed because Plaintiff failed to establish any underlying constitutional violation.  (*Id.* at 27).

### 4.      Leave to Amend

Plaintiff asks that he be given leave to file an amended complaint "if necessary."  (Dkt. No. 56, at 15).  In general, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).  A pro se plaintiff should be "grant[ed] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated[,]" but leave to amend may be properly denied as "futile."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Here, Plaintiff has already been given an opportunity to amend his complaint following this Court's initial screening, (Dkt. No. 4), and he has not identified any factual allegations that he could add that would make his claims plausible.  *E.g.*, *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) ("[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied.")  Accordingly, Plaintiff's request for leave to amend is denied as futile.

### 5.      Adoption of the Report-Recommendation

The Court has reviewed the remaining portions of the Report-Recommendation for clear error and found none.  Accordingly, the Report-Recommendation is adopted.

### 6.      Plaintiff's Pending Motions

In light of the dismissal of the Amended Complaint, Plaintiff's pending motions, for a preliminary injunction and for reconsideration of the denial of temporary injunctive relief, are denied as moot.  *Brown v. Connell*, No. 07-cv-1261, 2007 WL 4555933, at *2, 2007 U.S. Dist. LEXIS 93061, at *4 (N.D.N.Y. Dec. 19, 2007).

IV.     **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 48) is

**ADOPTED**; and it is further

**ORDERED** that Defendants' motions to dismiss (Dkt. Nos. 36 and 38) are **GRANTED**

and plaintiff's Amended Complaint is **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's motion for preliminary injunction (Dkt. No. 53) and motion

for reconsideration (Dkt. No. 58) are **DENIED** as moot; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with

the Local Rules.

**IT IS SO ORDERED.**


Dated:  September 29, 2020
        Syracuse, New York

Brenda K. Sannes
U.S. District Judge